UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10026-RGS

DANA J. WILLIS

v.

OCWEN FINANCIAL CORPORATION,
OCWEN LOAN SERVICING, LLC, PHH
MORTGAGE CORPORATION, & DEUTSCHE
BANK NATIONAL TRUST COMPANY, TRUSTEE
FOR INDYMAC IMSC MORTGAGE LOAN
TRUST 2007-HOA1, MORTGAGE PASS-THROUGH
SERIES 2007-HOA1

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

March 16, 2021

STEARNS, D.J.

Dana Willis brings this action against Ocwen Financial Corporation; Ocwen Loan Servicing, LLC; PHH Mortgage Corporation; and Deutsche Bank National Trust Company (collectively, Defendants), alleging fraud and breach of contract relative to the servicing of his mortgage. Defendants move to dismiss all claims. For the following reasons, the court ALLOWS IN PART and DENIES IN PART the motion.

Count I seeks a specific form of relief: preliminary injunction. It does not assert an independent ground of liability. *See* Pl.'s Opp'n (Dkt # 14) at 1

(relying on the validity of his other claims to establish entitlement to injunctive relief). The court accordingly allows the motion to dismiss this claim. To the extent Willis wishes to obtain a preliminary injunction, he must file an appropriate motion to that effect, and that motion must affirmatively demonstrate entitlement to injunctive relief (and not merely reiterate the cursory assertions put forth in the Complaint).

Counts II and III relate to the allegedly unlawful collection of escrow payments. *See* Compl. (Dkt # 1-2) ¶¶ 70-71, 74-78; *see also id.* ¶ 12. The plain text of the parties' contract, however, provides for collection of such payments, and while in his opposition Willis offers affidavits attesting to facts which might undercut the legitimacy of the relevant provision (and/or create reasonable reliance for a contrary position), these facts are not alleged in the Complaint itself.[1] The court accordingly allows the motion to dismiss these claims.

---

[1] Willis requests that the court treat his opposition as a motion for leave to amend to include these facts. *See* Pl.'s Opp'n at 5. The court, however, needs the benefit of a proposed Amended Complaint to establish whether allowing amendment would be in the interests of justice (or if it would, as Defendants suggest, be futile, *see* Defs.'s Mot. to Strike (Dkt # 15) at 2). Thus, to the extent Willis wishes to amend his complaint, the court directs him to file a separate motion to amend and to attach a proposed Amended Complaint to that motion.

Count IV relates to an agreement to remove negative credit reports against Willis. Willis has pled the requisite elements (if only just) to state a claim for breach of this agreement.[2] According to the Complaint, however, only PHH Mortgage Corporation was a party to the referenced agreement. *See* Compl. ¶ 61. The Court therefore allows the motion to dismiss Count IV as to Ocwen Financial Corporation; Ocwen Loan Servicing, LLC; and Deutsche Bank National Trust Company.

Counts V and VI assert fraud and/or unfair and deceptive practices relative to Defendants' servicing of the mortgage. While the court agrees with Defendants that the fraud could have been alleged with more particularity, the court declines to dismiss these claims for insufficient pleading. The Complaint alleges that Defendants (1) purposefully inflated the value of the property during loan modification negotiations (which, although they had no obligation to pursue, Defendants did nonetheless undertake) with the goal of stalling the process and allowing them to collect unnecessary interest and fees on the loan, and (2) failed to send invoices or notices of collection to plaintiff during this period, despite continuing to

---

[2] That the agreement may not relate to the Methuen property has no bearing on whether Willis has stated a claim for breach of its provisions. It will only impact for which unremoved negative credit reports Willis may recover damages in future stages of this litigation.

3

charge interest and fees. These allegations suffice to state a claim for fraud and/or unfair and deceptive practices. To the extent Willis wishes to pursue other grounds of fraud and/or unfair and deceptive practices, however, it would behoove him to amend his complaint to include further detail in support. *See supra* note 1.

## ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED IN PART</u> and <u>DENIED IN PART</u>. The court dismisses Counts I, II, and III and the portion of Count IV asserted against Ocwen Financial Corporation; Ocwen Loan Servicing, LLC; and Deutsche Bank National Trust Company. The portion of Count IV asserted against PHH Mortgage Corporation, however, withstands the motion to dismiss, as do Counts V and VI.

SO ORDERED.

<u>Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE